UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL AZIZ ZARIF SHABAZZ,

                         Plaintiff,

v.                                                                                 9:12-CV-1372 (AMN/TWD)

T. HOWARD, *et al.*,

                         Defendants.

---

**Appearances:**　　　　　　　　　　　　　　　　　　**OF COUNSEL:**

Michael Aziz Zarif Shabazz
P.O. Box 1312
Mount Vernon, NY 10551
*Plaintiff Pro Se*

**HON. LETITIA JAMES**　　　　　　　　　　　　　　**MICHAEL G. MCCARTIN ESQ.**
Attorney General of the State of New York　　　　**JORGE A. RODRIGUEZ ESQ.**
The Capitol　　　　　　　　　　　　　　　　　　　Assistant Attorneys General
Albany, NY 12224
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I.　　INTRODUCTION

       Plaintiff Michael Aziz Zarif Shabazz brought this action under 42 U.S.C. § 1983 alleging that on August 7, 2009, while he was incarcerated at Upstate Correctional Facility, Defendants Ted Howard, Randy Rhondo, and Barry Burdett used excessive force against him in violation of his rights under the Eighth Amendment of the United States Constitution. Dkt. No. 1.[1] After a

---

[1] The Court is mindful that due to Plaintiff's *pro se* status, his submissions are held "'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted).

three-day trial,[2] in which Plaintiff was represented by *pro bono* counsel, a jury returned a verdict finding that Plaintiff had not proven his claims. Dkt. No. 219. Now before the Court is Plaintiff's motion for a new trial. Dkt. No. 221. Defendants oppose the motion. Dkt. No. 223. Plaintiff has also filed a reply. Dkt. No. 227.

## II.     STANDARD OF REVIEW

Plaintiff invokes Rules 59 and 60(b) of the Federal Rules of Civil Procedure in his motion. The former states that a court may grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court," including a mistake of fact, clear error of law, or the need to prevent manifest injustice. Fed. R. Civ. P. 59(a)(1); *see also LiButti v. United States*, 178 F.3d 114, 118 (2d Cir. 1999). "Those reasons include a verdict against the weight of the evidence, or for attorney misconduct." *Lee v. City of Troy*, 339 F.R.D. 346, 360 (N.D.N.Y. 2021) (citations omitted). However, jury verdicts "should be disturbed with great infrequency." *Id.* (citation omitted).

Rule 60(b) states that the court may relieve a party from a final judgment for reasons including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). "Because Rule 60(b) allows extraordinary judicial relief, it

---

[2] The transcripts of the jury trial ("T.,") have been made available on the Docket. *See* Dkt. Nos. 229-32. Plaintiff is permitted to renew his request for trial transcripts in this matter. The Clerk is directed to provide Plaintiff with a copy of the docket sheet on CM/ECF.

2

is invoked only if the party seeking relief from judgment meets the heavy burden of demonstrating 'exceptional circumstances,' or 'extreme and undue hardship.'" *S.E.C. v. U.S. Env't, Inc.*, No. 94 CIV. 6608 (PKL), 2004 WL 2274813, at *2 (S.D.N.Y. Oct. 8, 2004) (citations omitted). Although "[a] pro se litigant ... 'should not be impaired by the harsh application of technical rules,' they are not excused from the requirement that they produce 'highly convincing' evidence to support a Rule 60(b) motion." *Id.* (citations omitted).

### III.     DISCUSSION

Plaintiff claims that he did not receive a fair trial and seeks a new trial for five reasons, which the Court will address in turn.

First, Plaintiff alleges that Defendants' counsel "repeatedly engag[ed] in lies, racism, skullduggery, and fraud," and "lied and implied through the introduction of testimony from Defendant Rhondo that I was walking in the yard, without providing the available videotape." Dkt. No. 221 at 2, 4.[3] These accusations are both conclusory and unsupported. Even assuming, *arguendo*, that Plaintiff's allegations were supported, a court may only order a new trial for attorney misconduct when "the conduct of counsel in argument causes prejudice to the opposing party and unfairly influences a jury's verdict." *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 540 (2d Cir. 1992) (citations omitted). Here, there is no showing that counsel's alleged misconduct prejudiced Plaintiff's case and unfairly influenced the jury verdict. Therefore, a new trial is not warranted on this basis.

---

[3] Defendant Barry Burdett testified that he "had seen [Plaintiff] several times after the incident walking completely unrestricted in his exercise pen, no cane, no wheelchair, no crutches." Dkt. No. 231, T. 478:21-479:3.

3

Second, Plaintiff alleges that "out of approximately 20 prospective jurors, only two were black, and the black female juror was removed because of racism which denied [Plaintiff] a fair trial." Dkt. No. 221 at 2.[4] The record shows that Defendants' counsel used a preliminary strike on an African American woman during jury selection. Dkt. No. 223-1 at ¶¶ 10-11; Dkt. No. 229, T. 52:25. However, Plaintiff's counsel made a *Batson*[5] challenge at the time, and after hearing from both sides, the Court found that Defendants' counsel had presented a proper, non-discriminatory reason for the strike.[6] *See* Dkt. No. 223-1 at ¶¶ 12–14; Dkt. No. 229, T. 53:1-24. Moreover, a different African American individual was seated on the jury without any objection from Defendants' counsel.[7] *See* Dkt. No. 223-1 at ¶ 15; Dkt. No 229, T. 53:18-24. Based on these facts, Plaintiff cannot demonstrate a *Batson* violation and a new trial is not warranted on this basis.

---

[4] One of three potential African American jurors was excused for cause because she had a prior association with Plaintiff's counsel and stated that she did not believe she could be impartial. *See* Dkt. No. 223-1 at ¶ 7; Dkt. No. 229, T. 10:13-11:3. This left two potential African American jurors.

[5] In *Batson*, the Supreme Court held that the Equal Protection Clause prohibits challenging jurors solely based on their race. *Batson v. Kentucky*, 476 U.S. 79, 89 (1986), *holding modified by Powers v. Ohio*, 499 U.S. 400 (1991).

[6] Defendants' counsel removed the juror, Ms. Rowser, because they believed the fact that her daughter had a social services degree and worked as a school counselor would make her too sympathetic to Plaintiff. Dkt. No. 223-1 at ¶ 12; Dkt. No. 229, T. 53:8-15; *see also United States v. Alvarado,* 951 F.2d 22, 25 (2d Cir. 1991) (affirming Magistrate Judge's finding that a prosecutor's challenge to a juror because she was a social worker was "race neutral, plausible and nondiscriminatory").

[7] *See United States v. Dennis*, 19 F.4th 656, 663 (4th Cir. 2021) ("Left with only the bare fact that the prosecutor rejected one juror with dark skin, we conclude Dennis failed to adduce sufficient prima facie evidence to trigger a *Batson* challenge.")

*See Snyder v. Louisiana,* 552 U.S. 472, 477 (2008) (on an appeal of a *Batson* challenge, "[u]nless it is clearly erroneous, the trial court's ruling must be sustained").

Third, Plaintiff objects that the Court did not allow his counsel to ask prospective jurors if they were "election deniers." Dkt. No. 221 at 2. The court has broad discretion over jury selection, and "federal trial judges are not required to ask every question that counsel … believes is appropriate." *United States v. Lawes*, 292 F.3d 123, 128 (2d Cir. 2002). In this case, due to the divisive political climate, the Court prohibited counsel for both sides from asking potential jurors about their political views. However, the Court allowed counsel to ask potential jurors a variety of questions on other topics, both in terms of their general background and specific to the facts of the case. *See generally* Dkt. No. 229.[8] Indeed, some of these questions touched on politics. Plaintiff alleges that two potential jurors were stricken, one who had a Joe Biden sticker and the other who watched MSNBC. Dkt. No. 221 at 3. Plaintiff's counsel did not object to these jurors being stricken.[9] *See* Dkt. No. 223 at 5; Dkt. No. 229, T. 47:1, 17-18, 55:5-9, 61:11-15. The Court is satisfied that the empaneled jury was fair and impartial.[10] Therefore, Plaintiff is not entitled to a new trial on this basis.

---

[8] The questions counsel asked prospective jurors included questions regarding their occupations, sources of news, civic organizations to which they belonged, bumper stickers on their cars, whether they had friends or family in law enforcement, interactions with law enforcement or corrections officers, and religious, moral, and ethical beliefs. Dkt. No. 229, T. 19:15-50:2.

[9] Counsel also did not object to or challenge a juror serving who stated that he occasionally viewed CNN.com for his news. Dkt. No. 229, T. 59:5-10, 61:3-9.

[10] *See United States v. Serafini*, 57 F. Supp. 2d 108, 113 (M.D. Pa. 1999) ("The ability to be fair has no direct linkage to political party affiliation or active participation in the political process.") (citation omitted).

Fourth, Plaintiff objects that he was "not privy to the preparation of the charges to the jury through the Court and/or [he] was not able to abate the prejudicial charge that favored the defendants," and that he did not have "the opportunity to submit an alternative charge." Dkt. No. 221 at 3.  However, Plaintiff was represented by counsel who did participate in the preparation of the charges to the jury and had the opportunity to submit an alternative charge.  Plaintiff's counsel did not object to the charges ultimately read to the jury.  *See* Dkt. No. 223 at 5-6; *see also generally* Dkt. No. 232.  Moreover, Plaintiff has not identified anything wrong with the charges, much less an error so serious as to deprive him of a fair trial.  *See Meiselman v. Byrom*, 207 F. Supp. 2d 40, 42 (E.D.N.Y. 2002) ("A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.") (quoting *Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir.1998)), *aff'd,* 144 F. App'x 164 (2d Cir. 2005).  Therefore, Plaintiff is not entitled to a new trial on this basis either.

Finally, Plaintiff claims that Defendants "knowingly lied and perpetrated a fraud upon the Court through their testimony and virtually through the same identical written reports."  Dkt. No. 221 at 4.  This assertion is purely speculative.  Plaintiff's counsel had the opportunity to cross-examine the Defendants and present Plaintiff's version of events.  *See generally* Dkt. Nos. 229-231.  The jury weighed all the testimony and evidence and determined that Plaintiff had not satisfied his burden of proof.  *See* Dkt. No. 219.  Simply put, Plaintiff has not shown any evidence of fraud, misrepresentation, or misconduct by Defendants that would justify a new trial.

In sum, Plaintiff's motion fails to provide any compelling reason for granting a new trial pursuant to Fed. R. Civ. P. 59 or 60(b).  He has not identified any legal error during the trial, much

6

less one that affected his substantial rights, and he has not substantiated his claims of misconduct by Defendants and their counsel. Plaintiff was represented by counsel and had every opportunity to prove his case. The record shows that he received a fair trial and, therefore, his motion must be denied. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'") (citations omitted).

### IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for a new trial, Dkt. No. 221, is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court is directed to provide Plaintiff with a copy of the Docket sheet from CM/ECF and serve this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**Dated:** April 5, 2023
Albany, New York

Anne M. Nardacci
U.S. District Judge